UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROBERT LISNOFF,

               Petitioner

                                             **MEMORANDUM & ORDER**
                                             05-CV-1209 (NGG)

    –against–

UNITED STATES,

               Respondent.
-------------------------------------------------------X
GARAUFIS, United States District Judge.

Presently before the court is the habeas appeal of pro se petitioner Robert Lisnoff ("Petitioner" or "Lisnoff") pursuant to 28 U.S.C. § 2255, challenging his sentencing in the underlying criminal matter United States v. Robert Lisnoff, 00-CR-1248 (NGG). Lisnoff argues that the enhancement of his offense level by five levels at sentencing is unconstitutional under the Supreme Court cases of United States v. Booker, 543 U.S. 220 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Under the holdings of these cases, the Petitioner argues that he is entitled to re-sentencing. For the reasons set forth below, the petition is DENIED.

**I.    Background and Procedural History**

On November 27, 2002, the Petitioner pleaded guilty to conspiracy to commit securities fraud in violation of 18 U.S.C. § 371, and of securities fraud in violation of 15 U.S.C. § 78ff arising from his involvement in a "boiler room" stock fraud scheme. (See 00-CR-1248 ECF Docket). The plea agreement was signed on that date, and the Petitioner was sentenced before this court on April 30, 2004. (Docket Entry ("DE") Nos. 530, 531). In the plea agreement signed

1

by Lisnoff, he agreed that he would "not file an appeal or otherwise challenge the conviction or sentence [he received] in the event that the court imposes a term of imprisonment of 46 months or below." (See Plea Agreement, at 4, attached to Petitioner's Memorandum of Law in Support of Habeas Petition ("Pet.'s Br."). At his April 30, 2004 sentencing, he was sentenced to 37 months imprisonment and three years supervised release. (DE No. 531).

On February 28, 2005, the Petitioner timely filed this 28 U.S.C. § 2255 petition. In his Memorandum in Support, filed with the petition, he put forth two principal arguments. Petitioner first argues that, in light of the Booker decision, he "unlawfully and improperly" received a five level enhancement at sentencing, and that the holding of Booker should apply retroactively to his sentencing. (See Pet.'s Br. ¶¶ 6-28). Second, the Petitioner urges the court to find that the filing of his 2255 petition did not violate the express waiver contained in his plea agreement because a 2255 petition should not be considered an "appeal" and thus is not covered by the plea agreement's terms and conditions. (See id. ¶¶ 35-36).

On May 16, 2005, Lisnoff filed a Supplemental Memorandum of Law in Support of his 2255 petition ("Pet.'s Supp. Br."). In this supplemental brief, Lisnoff abandons the argument that Booker should apply retroactively, in light of intervening Second Circuit precedent squarely foreclosing that argument. Instead, he contends that the Booker decision was only a confirmation of the Supreme Court's earlier decision in Apprendi v. New Jersey, which was decided at the time of his conviction and sentence. He argues that under Apprendi, the five level enhancement imposed at his sentencing was an unconstitutional violation of his Sixth Amendment rights. (See Pet.'s Supp. Br. at 2-3).

The Government responded to the petition by letter dated June 22, 2005 ("Govt. Resp."),

2

arguing that the Petitioner waived his right to bring a 2255 collateral attack when he signed his plea agreement, and that the Petitioner was not entitled to habeas relief under either Booker or Apprendi.

II. Discussion

A. Petitioner Waived the Right to Bring a Section 2255 Habeas Challenge

Lisnoff's 2255 habeas petition fails because the Petitioner, in his plea agreement, explicitly agreed that he would "not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of forty-six months or below." (Plea Agreement, at 4). The court imposed a sentence of thirty-seven months, short of the forty-six month threshold, therefore triggering the waiver provision. See United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995) (holding 2255 petitioner procedurally barred from challenging sentence within guideline range because of the petitioner's "explicit undertaking in the [Plea] Agreement not to appeal a sentence that fell within a guideline range of 63-78 months"). In Pipitone, the Circuit Court noted that "[w]hatever linguistic distinction may be made between an 'appeal' and a § 2255 petition, we are loathe to countenance so obvious a circumvention of a plea agreement." Id. at 39; see also Kaiser v. United States, No. 00-CV-5718, 2001 WL 237382, *2 (S.D.N.Y. March 9, 2001) ("In no circumstances . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.") (internal quotation and citations omitted).

I am unpersuaded by the Petitioner's argument that the terms of his plea agreement only

precluded him from pursuing a direct appeal of his sentence, and that a 2255 petition falls outside the scope of the agreement's waiver provision. For one, Second Circuit precedent suggests that such a distinction is not warranted in light of the fact that the "government, this court, the public, and criminal defendants have legitimate interests in the integrity of the plea bargaining process and in the finality of sentences thus imposed. Pipitone, 67 F.3d at 39; see also Kaiser, 2001 WL 237382, at *2 n.4 ("In referring to the waiver of appeal provision, the Court of Appeals applies the same waiver principles to the waiver of the right to appeal and waiver of a Section 2255 challenge.").

Moreover, the transcript of Lisnoff's plea hearing demonstrates that Lisnoff fully understood the waiver provision when he knowingly and voluntarily signed his plea agreement, and thus he is bound to it. See United States v. Chen, 127 F.3d 286, 289 (2d Cir. 1997). Specifically, the following questions were asked by the court and answers given by the Petitioner:

> Q: Do you understand that you have the right to appeal only if I sentence you to more than 46 months?
>
> A: Yes.
>
> Q: Do you understand that even if the sentence I give you is more severe than what you may be thinking or hoping you will receive, you are still going to be bound by your guilty plea and not permitted to withdraw it and you will not be able to *challenge* or appeal that sentence as long as it is 46 months or less as we have discussed?
>
> A: Yes, your honor.

(Sentencing Transcript, DE No. 637, at 50-51) (emphasis added). As this record makes clear, the Petitioner was aware that he was waiving his right to *challenge* his sentence. Although the term

2255 was not explicitly used, a 2255 habeas petition is a collateral challenge to a sentence, and thus it is covered by the waiver provision. The Petitioner is therefore procedurally barred from bringing this petition.[1]

### B. Neither <u>Booker</u> nor <u>Apprendi</u> Entitle Petitioner to 2255 Habeas Relief

In <u>United States v. Booker</u> the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 543 U.S. at 244. In other words, to the extent that the Sentencing Guidelines, whose application had been mandatory pre-<u>Booker</u>, permitted a maximum sentence based on findings of fact made by the court (other than a fact of prior conviction), the Guidelines violated a criminal defendant's Sixth Amendment right to trial by jury. See <u>id.</u> To remedy this constitutional violation, the <u>Booker</u> court made the Sentencing Guidelines advisory, rather than mandatory. <u>Id.</u> at 245-46.

In his initial briefings to the court, Lisnoff argued that he was entitled to re-sentencing pursuant to <u>Booker</u>. At the time Lisnoff submitted his petition, the question of retroactive application of <u>Booker</u> was still an open question in this circuit. However, subsequent to Petitioner's filings, the Second Circuit explicitly held that <u>Booker</u> does not apply retroactively to collateral cases. <u>Guzman v. United States</u>, 404 F.3d 139, 144 (2d Cir. 2005) ("<u>Booker</u> is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction

---

[1] I note as well that the Second Circuit has explicitly held that a waiver clause in a plea agreement entered into prior to <u>Booker</u> is nonetheless enforceable against collateral <u>Booker</u> challenges to the imposed sentence. <u>United States v. Morgan</u>, 406 F.3d 135, 136-38 (2d Cir. 2005); <u>Santoro v. United States</u>, No. 01-CR-416, 2005 WL 3184279, *3 (E.D.N.Y. Nov. 29, 2005) (Glasser, J.).

5

was final as of January 12, 2005, the date that Booker issued."); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005) (per curiam) (denying petitioner's application to file a second or successive Section 2255 petition on the grounds that Booker does not apply retroactively to his collateral challenge); Thristino v. United States, 379 F.Supp.2d 510, 516 (S.D.N.Y. 2005). Petitioner in the instant case was sentenced on April 30, 2004, well before the January 12, 2005 issuance of the Booker decision. Thus, under Guzman, to the extent that the Petitioner collaterally attacks his sentence based on Booker, his petition must be denied.

After the Guzman decision came down, Lisnoff attempted to circumvent Guzman's holding by arguing that re-sentencing was warranted not based on Booker, but on Apprendi, which had been decided at the time his conviction became final.[2] In his Supplemental Brief, the Petitioner argues that Booker only reaffirms the holding of Apprendi, and therefore that the rule of law espoused in Apprendi (and affirmed in Booker) applies to his sentencing and supports his Sixth Amendment claim.

Lisnoff's Sixth Amendment claim based on Apprendi fails. The Second Circuit, in Guzman, rejected the argument that Booker simply reaffirms the holding of Apprendi. In Guzman, the Circuit Court explained: "If Booker were simply Apprendi again, we would not need to determine the retroactivity of Booker under Teague: since Guzman's conviction was not final when Apprendi issued, Guzman would be afforded any relief he could get under Booker." Guzman, 404 F.3d at 142. Rather, the court declared: "the result in Booker was not dictated by

---

[2] In Apprendi v. New Jersey, 544 U.S. 466 (2000), the Court held that held that any fact, other than fact of prior conviction, that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt. In Booker, the Court extended Apprendi's holding and the holding of Blakely v. Washington, 542 U.S. 296 (2004), to apply to the Sentencing Guidelines.

6

Apprendi . . . It cannot be said that the result in Booker was apparent to 'all reasonable jurists'; in Booker itself, dissenters undertook to explain why the holding in Booker was not compelled by Apprendi or Blakely." Id. (internal citations omitted). Thus, the Petitioner's argument that Booker only affirms the prior holding of Apprendi is without merit.

Moreover, given that Lisnoff knowingly and voluntarily entered into his plea agreement – specifically agreeing to the waiver of appeal or challenge to his sentence– he cannot now bring a collateral attack based on Apprendi. See Santoro v. United States, Slip Op., 2005 WL 3184279 (E.D.N.Y. Nov. 29, 2005) (Glasser, J.) ( "[2255 petitioner] [h]aving entered into his plea agreement after Apprendi but before Booker, it is assumed that [he] was aware of his Apprendi rights at the time of his plea agreeement. His unawareness of his rights under Booker is irrelevant").

I also note for the record that, to the extent that Lisnoff raises his Apprendi claim as one of ineffective assistance of counsel, the petition also fails. Noting that Apprendi was decided in 2000, several years before his sentencing, Lisnoff asserts that "ineffective assistance of counsel prevented him from receiving and protecting his constitutional rights as defined by the Sixth Amendment." (Pet.'s Supp. Br. at 2). The Petitioner has put forth no showing that would satisfy the Strickland standard to prove ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984) (to prevail on a claim of ineffective assistance of counsel, defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant). Moreover, any failure of Lisnoff's counsel to raise an Apprendi argument (i.e. foreseeing Booker's holding) would not rise to the level of ineffective assistance of counsel. See United States v. Santiago, No. 02-CR-

295, 2005 WL 1421632 (D. Conn. June 14, 2005) (noting that the Guzman court stated that Booker's holding was not dictated by Apprendi and that "'it cannot be said that the result in Booker was apparent to all reasonable jurists,' and thus that it similarly "cannot be said that failure to advance an issue that was not apparent to the judiciary constitutes ineffective performance by counsel.") (citing Guzman, 404 F.3d at 142)).

Thus, for the reasons discussed above, the Petitioner is not entitled to re-sentencing under Booker or Apprendi, and his habeas petition must be denied.

## III. Conclusion

For the reasons stated above, the Petitioner's Section 2255 habeas petition is DENIED. The Clerk of Court is directed to mail a copy of this M&O to the pro se Petitioner and to close this case.

SO ORDERED.

Dated: May 18, 2006  /s/ Nicholas Garaufis
      Brooklyn, N.Y.  NICHOLAS G. GARAUFIS
                      United States District Judge